IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ __ D.C.

05 MAY 12 AM 11: 23

ROBERT R. ___ TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

RICHARD DOUGHTIE, III, United
States Bankruptcy Trustee for
VINCENT O'NEIL BROOKS,

    Plaintiff,

v.

ASHLAND, INC. d/b/a VALVOLINE
INSTANT OIL CHANGE,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 03-2073 M1/A

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT BASED UPON JUDICIAL ESTOPPEL

---

Before the Court is the Motion to Dismiss or, Alternatively, for Summary Judgment of Defendant Ashland, Inc. d/b/a Valvoline Instant Oil Change, filed September 8, 2003. Former plaintiff Vincent Brooks originally responded on October 21, 2003. Defendant filed a reply to that response on October 27, 2003.

On March 4, 2004, the Court denied Defendant's motion without prejudice because this matter was stayed automatically after Mr. Brooks filed bankruptcy; the Court's order provided that Defendant's motion would be reinstated once the stay was lifted. (Order Regarding Automatic Stay and Order Denying Motion to Dismiss, March 4, 2004 (Docket No. 32).) On October 27, 2004, the Court ordered that this case be reinstated. On November 30, 2004, the Court held a scheduling conference and issued an order

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05



setting a schedule for the parties to update their dispositive motion filings.  Pursuant to the Court's November 30, 2004, order, Richard Doughtie, III, United States Bankruptcy Trustee for Mr. Brooks, filed a motion to amend the Complaint to substitute himself as Plaintiff on December 7, 2004, which the Court granted on March 15, 2005.  Also on December 7, 2004, Mr. Doughtie, III, filed an amended response to Defendant's motion, for which the Court hereby GRANTS leave to file.  On December 17, 2004, Defendant filed a reply to Plaintiff's amended response, for which the Court granted Defendant leave to file on December 21, 2004.  For the following reasons, Defendant's motion is DENIED.

## I. BACKGROUND

The instant case arises out of the termination of Vincent Brooks's employment by Defendant Ashland, Inc., d/b/a Valvoline Instant Oil Change on October 21, 2002.  On February 3, 2003, Mr. Brooks filed a complaint against Defendant in this Court asserting claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.  An Amended Complaint was filed on August 1, 2003, asserting claims under these same statutes.

On March 3, 2003, Mr. Brooks filed a Chapter 7 Bankruptcy Petition. (Case No. 03-24095, U.S. Bankruptcy Court, Western

District of Tennessee.)  It is undisputed that Mr. Brooks did not originally disclose this lawsuit in the filings related to his bankruptcy case, as he was required to do under the Bankruptcy Code.[1]  On June 20, 2003, the Bankruptcy Court entered an order discharging Mr. Brooks's debts. (Discharge of Debtor, Case No. 03-24095, U.S. Bankruptcy Court, Western District of Tennessee, June 20, 2003 (Docket No. 7).)  On November 3, 2003, Mr. Brooks filed a motion with the Bankruptcy Court to reopen his bankruptcy case and to amend his filings to include this lawsuit as an asset of the bankruptcy estate.  The Bankruptcy Court granted that motion on November 24, 2003. (Order Granting Debtor's Motion To Reopen Case To Amend Petition And Schedules, Case No. 03-24095, U.S. Bankruptcy Court, Western District of Tennessee, November 24, 2003 (Docket No. 13).)

Mr. Brooks was represented by an attorney in his bankruptcy case, with whom he consulted about his bankruptcy filings on March 3, 2003.  Mr. Brooks contends that he informed his bankruptcy attorney of his claims against Defendant, but that the

---

[1] Specifically, on his "Statement of Financial Affairs" form, Mr. Brooks marked "none" in response to the following question, in relevant part:

> 4a. Suits and administrative proceedings, executions, garnishments and attachments
>> List all suits and administrative proceedings, garnishments and attachments to which the debtor is or was a party within one year immediately preceding the filing of this case....

(Def.'s Mem. of Facts and Law in Supp. of Def.'s Mot. to Dismiss, or in the Alt. for Summ. J., p. 5.)

attorney did not include those claims in his original bankruptcy filings.

A sworn affidavit filed by Mr. Brooks[2] indicates that he informed his attorney during their March 3, 2003, meeting, that he "had filed a complaint with the EEOC, alleging wrongful termination due to discrimination," (Pl.'s Resp. to Def.'s Mot. to Dismiss or, Alternatively, Mot. for Summ. J., Ex. 1, ¶ 3), and that he "had secured the services of another attorney to handle the matter of [his] wrongful termination." (Id., ¶ 4.)  Mr. Brooks also contends that "[a]t no time on March 3 did my bankruptcy attorney ask me if I was involved as a party in any pending lawsuit or administrative proceeding" (Id., ¶5), but that he only asked "if I had ever been involved in a lawsuit that had 'gone to court.'" (Id., ¶ 9.)  According to Mr. Brooks, "I told [the bankruptcy attorney] that I had been a party to a lawsuit that had 'gone to court' in 1987.  I understood the phrase 'gone to court' to mean a lawsuit that had resulted in a trial." (Id.)  On March 10, 2003, Mr. Brooks returned to his bankruptcy

---

[2] On October 27, 2003, Defendant moved to strike this affidavit because it purportedly included statements that contradicted deposition testimony given by Mr. Brooks. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss or Alternatively Mot. for Summ. J. and Mem. in Supp. of Mot. to Strike, October 27, 2003 (Docket No. 24).)  On December 30, 2003, the Court denied that motion because it was not clear from the portions of the deposition testimony cited by Defendant in its October 27, 2003, motion that Mr. Brooks included statements in his affidavit that contradicted his deposition testimony.(Order, December 30, 2003 (Docket No. 29.)

4

attorney's office to sign the relevant papers regarding his
bankruptcy petition.  (Id., ¶ 8.)  Mr. Brooks contends that "[a]t
no time during the completion and subsequent initialing of
Schedule B did the attorney ask me about any contingent lawsuit
to which I was a party, (Id., ¶ 11.), and that "[a]t no time did
the attorney specifically ask me, pursuant to question 4a in the
Statement of Financial affairs, if I had been a party to a suit
or administrative proceeding within the last year." (Id., ¶ 14.)

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to
state a claim upon which relief can be granted" under Federal
Rule of Civil Procedure 12(b)(6).  When considering a Rule
12(b)(6) motion, a court must treat all of the well-pleaded
allegations of the complaint as true.  Saylor v. Parker Seal Co.,
975 F.2d 252, 254 (6th Cir. 1992).  Furthermore, the court must
construe all of the allegations in the light most favorable to
the non-moving party.  Scheuer v. Rhodes, 416 U.S. 232, 236
(1974).  "A court may dismiss a [claim under 12(b)(6)] only if it
is clear that no relief could be granted under any set of facts
that could be proved consistent with the allegations." Hishon v.
King & Spalding, 467 U.S. 69, 73 (1984).  When a party relies on
matters outside of the pleadings, a motion to dismiss must be
treated as one for summary judgment.  See Fed. R. Civ. P. 12(b).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate, Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for

6

the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

## III. ANALYSIS

Defendant moves to dismiss or, in the alternative, for summary judgment regarding Plaintiff's claims on the basis of judicial estoppel because Mr. Brooks failed to disclose his claims against Defendant in his original bankruptcy filings.[3] Plaintiff contends that judicial estoppel is not appropriate because the non-disclosure was inadvertent and the bankruptcy filings have since been updated to include the claims against Defendant.

Judicial estoppel is an equitable defense, <u>Reynolds v. C.I.R.</u>, 861 F.2d 469, 472 (6th Cir. 1988)(characterizing judicial estoppel as an equitable defense), and therefore its applicability is determined by the Court as a matter of law. <u>See Browning v. Levy</u>, 283 F.3d 761, 775 (6th Cir. 2002) (finding that a district court's application of judicial estoppel is reviewed

---

[3] In its September 8, 2003, motion, Defendant also contended that Mr. Brooks lacks standing to bring this suit, since the suit is an asset of the bankruptcy estate and therefore the Bankruptcy Trustee is the proper plaintiff.  However, since the filing of that motion, Mr. Doughtie, III, the Bankruptcy Trustee, has been substituted as Plaintiff in this action.  Accordingly, Defendant's contention that Plaintiff lacks standing is moot.

*de novo*)(citing <u>Smith v. Fireman's Fund Ins. Co.</u>, 16 F.3d 1221,
No. 92-6540, 1994 WL 6043, *3 (6th Cir. Jan. 7, 1994)(finding
judicial estoppel to be an issue of law)).  Accordingly, the
Court will determine based upon the record before it whether
judicial estoppel should apply in this case.

"The doctrine of judicial estoppel bars a party from
asserting a position that is contrary to one the party has
asserted under oath in a prior proceeding, where the prior court
adopted the contrary position 'either as a preliminary matter or
as part of a final disposition.'" <u>Eubanks v. CBSK Financial
Group, Inc.</u>, 385 F.3d 894, 897 (6th Cir. 2004)(citing <u>Teledyne
Indus., Inc. v. NLRB</u>, 911 F.2d 1214, 1218 (6th Cir. 1990)).[4]
"Judicial estoppel is utilized in order to preserve 'the
integrity of the courts by preventing a party from abusing the
judicial process through cynical gamesmanship.'" <u>Browning</u>, 283
F.3d at 775-76 (citing <u>Teledyne</u>, 911 F.2d at 1218).  Judicial
estoppel, however, should be applied with caution to "avoid
impinging on the truth-seeking function of the court, because the
doctrine precludes a contradictory position without examining the
truth of either statement." <u>Eubanks</u>, 385 F.3d 894, 897 (6th Cir.
2004)(quoting <u>Teledyne</u>, 911 F.2d at 1218).

---

[4] Here, it is undisputed that the Bankruptcy Court adopted
the position that Mr. Brooks did not have any outstanding legal
claims when it discharged his debts on June 20, 2003.

Plaintiff contends that judicial estoppel should not apply in this case because Mr. Brooks inadvertently omitted his claims against Defendant from his initial bankruptcy filing. The Sixth Circuit has noted that "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." Browning, 283 F.3d at 776; see also Eubanks, 385 F.3d at 898 (finding evidence of inadvertent omission of claim in previous bankruptcy proceeding an appropriate factor to consider when analyzing applicability of judicial estoppel). Whether or not a debtor had a motive for concealment is relevant to the analysis of whether an omission was inadvertent. See Eubanks, 385 F.3d at 898 (noting that a debtor's omission might be inadvertent when "the debtor has no motive for concealment"); see also Browning, 283 F.3d at 776 (finding lack of motive for concealment led to conclusion that concealment was inadvertent and therefore judicial estoppel was inappropriate).

The record before the Court reveals that the failure to include Mr. Brooks's claims against Defendant in his bankruptcy filings was inadvertent. Mr. Brooks's affidavit establishes that he informed his attorney about his claims against Defendant, but that those claims were not included in his original bankruptcy filings.[5] Moreover, the Court finds that the statements that Mr.

---

[5] Defendant points to no evidence in the record to contradict Mr. Brooks's assertion that he informed his bankruptcy attorney of his claims against Defendant. Although Defendant

9

Brooks made to his bankruptcy attorney, as reflected in his affidavit, establish that he was not motivated by a desire to conceal his claims against Defendant from the bankruptcy court. Accordingly, judicial estoppel is not appropriate in this case.

Defendant also contends that any recovery by the Plaintiff in this case should be limited to the total of Mr. Brooks's unsecured claims, and that the Court should void the reopening of Mr. Brooks's bankruptcy case. However, the Court has found that judicial estoppel does not bar Plaintiff's claim because the omission of the claim against Defendant from the original bankruptcy filings was inadvertent. Accordingly, no limitation on a recovery is appropriate and the reopening of the bankruptcy case will not be voided.

Alternatively, Plaintiff contends that he cannot be judicially estopped from pursuing Mr. Brooks's claim on behalf of creditors of the estate because he has not made false or inconsistent statements regarding Mr. Brooks's claims against Defendant. In Parker v. Wendy's Intern., Inc., 365 F.3d 1268 (11th Cir. 2004), the U.S. Court of Appeals for the Eleventh Circuit found that judicial estoppel was not appropriate where a debtor had previously taken inconsistent positions before the

---

claims that this assertion contradicts deposition testimony given by Mr. Brooks, the Court has previously found that contention unpersuasive. See Order, December 30, 2003 (Docket No. 29), supra, n.5.

court but the bankruptcy trustee had not.  The Court finds the reasoning in <u>Parker</u> persuasive and adopts its holding here as an alternative basis to decline to exercise judicial estoppel in this case.  <u>See</u> <u>Parker</u>, 365 F.3d at 1271-72.  Here, the Court has found that the non-disclosure of this suit in the bankruptcy filings was inadvertent.  Accordingly, the Bankruptcy Trustee is not judicially estopped from bringing the instant claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, for summary judgment is DENIED.

So ORDERED this 11th day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 66 in case 2:03-CV-02073 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

Angie Davis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Richard T. Doughtie
239 Adams Ave.
Memphis, TN 38103

Robert M. Williams
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Patricia A. Odell
LAW OFFICE OF PATRICIA ODELL
1374 Madison Ave.
Memphis, TN 38104

Honorable Jon McCalla
US DISTRICT COURT